IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERROD THOMAS,                          *

Plaintiff,                              *

v.                                      *         Civil Action No. PX-19-3382

DEPT. OF SAFETY AND                     *
  CORRECTIONAL SERVICES, and
OFFICER KNIGHT,                         *

Defendants.                             *
                                      ***

# MEMORANDUM OPINION

Jerrod Thomas brings this action against the Maryland Department of Safety and Correctional Services ("DPSCS") and Officer Knight, alleging that DPSCS retroactively extended the number of years for which he is required to register as a sex offender. ECF No. 1. Thomas urges that this Court remove him from the Maryland Sex Offender Registry ("SOR") and award damages of $2.5 million. *Id.* at 3. DPSCS filed Motions for Summary Judgment arguing, *inter alia*, that Thomas fails to state a constitutional claim. ECF Nos. 24, 26. Thomas, in response,[1] argues that increasing the length of time for which he must register pursuant to the Maryland Sex Offender Registration Act ("MSORA") violates the "state constitutional prohibition against ex post facto laws." ECF No. 33.

The matter is now ripe for review, with no need for a hearing. *See* Loc. R. 105.6. For the reasons that follow, DPSCS's motions shall be granted.[2]

---

[1] Pursuant *to Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Thomas that the failure to respond to the motions may result in dismissal of the Complaint. ECF Nos. 25, 27.

[2] Thomas has not perfected service against Officer Knight, and so the claims against him are dismissed without prejudice.

I.  **Background**

The Court views the Complaint facts as true and most favorably to Thomas. In 2002, Thomas was arrested and charged in Baltimore City Circuit Court with rape, third-degree sexual offense, and related offenses that he allegedly committed earlier that year. ECF No. 1; ECF No. 24-2. *See also State v. Thomas*, Case No. 102226032 (Cir. Ct. Balt. City), ECF No. 24-3. On February 6, 2003, Thomas pleaded guilty to third-degree sexual offense, in violation of Md. Code, Art. 27 § 464B (now codified at Md. Code Ann., Criminal Law § 3-307), and was sentenced to five years, with all but time-served suspended. *See* ECF No. 1, ECF No. 24-3 at 1. At his guilty plea, Thomas learned that he would be required to register on the SOR for ten years. However, as it turns out, Thomas is required to register for life. He believes his registry period was enlarged from ten years to life because of subsequent amendments to MSORA, and thus, in violation of the Ex Post Facto Clause. ECF No. 1 at 2. For the following reasons, Thomas' claim fails as a matter of law.

II.  **Standard of Review**

A motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56 shall be granted if the movant demonstrates that no genuine issue of disputed material fact exists, rendering the movant entitled to judgment as a matter of law. *See In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Baltimore Ravens*

*Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the non-movant without weighing the evidence or assessing witness credibility. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-44 (4th Cir. 2002). Factually unsupported claims and defenses may not proceed to trial. *Bouchat*, 346 F.3d at 526.

### III. Discussion

Thomas solely challenges the statutory imposition of lifetime registration on the SOR arising from his 2003 conviction for third-degree sexual assault. He argues that this requirement had not been in place under MSORA when he had pleaded guilty, and so application as to him violates the Ex Post Facto Clause of the United States Constitution.

The Constitution prohibits states from enacting any ex post facto laws. U.S. Const. art. 1, § 10, cl. 1. "One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). States are not, however, precluded "from making reasonable categorical judgments that conviction of specified crimes should entail particular regulatory consequences" such as placement on a sex offender registry. *Smith v. Doe*, 538 U.S. 84, 103 (2003). Such requirements often fall outside the purview of the Ex Post Facto Clause because they are not sufficiently punitive. *Id.*

For Thomas, this Court need not reach whether retroactive application of MSORA violates Ex Post Facto because at the time Thomas committed the offense, lifetime registration applied to

3

"three types of sex offenders: sexually violent predators, child sexual offenders and sexually violent offenders, convicted of certain crimes." *Ochoa v. Dep't of Pub. Safety & Corr. Servs.*, 61 A.3d 1, 3 (Md. 2013) (citing Md. Code (1957, 1996 Repl. Vol., 2000 Cum. Supp.), Art. 27, § 792(d)(2), (3), (4) & (5)(ii). A "sexually violent offender" was defined as "an individual who had been convicted of a 'sexually violent offense,' which was in turn defined as a violation of 'any of the provisions of § 462, § 463, § 464, § 464A, § 464B, or § 464F of [Article 27].'" *Id.* at 4 (citing Md. Code (1957, 1996 Repl. Vol., 2000 Cum. Supp.), Art. 27, § 792(a)(10) & (11)). Accordingly, two provisions of MSORA subjected Thomas to lifetime registration -- one applicable to Thomas' status as a "child sexual offender," and the other as a "sexually violent offender." *See id.*

Thomas urges a different outcome in light of subsequent amendments to MSORA that brought the statute in line with the federal Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et. seq*. But these amendments to MSORA are of no moment because, as of 2000, "Maryland law required a person convicted of a third-degree sexual offense pursuant to Article 27, § 464B to register as a sex offender for life." *See Camino v. State*, Case No. 0438, Sept. Term 2015, 2016 WL 1551136, at *3 (Md. Ct. Spec. App. Apr. 15, 2016) (citing Art. 27, § 792(d)). Thomas, therefore, was already required to register for life based on his category of offense, so enforcement of the same cannot constitute an Ex Post Facto violation. *See Ochoa*, 61 A.3d at 3; *Camino,* Case No. 0438, Sept. Term 2015, 2016 WL 1551136, at *3.

Nor can Thomas argue for a different outcome based on his proffered understanding of his registration terms announced at his guilty plea. Although Thomas seems to suggest that his guilty plea included an agreed-upon ten-year registration term, he puts forward no proof that any such representations, if made, constitute a binding promise for which he is owed the benefit of the bargain. *See Long v. Maryland State Dep't of Pub. Safety & Corr. Servs*., 230 Md. App. 1 (2016).

Quite the opposite, in his response to the summary judgment motion, Thomas underscores that his claim "is not based" on any such representations made at this guilty plea. ECF No. 33 at 2-3. Accordingly, summary judgment is proper in favor of DPSCS.

**IV.  Conclusion**

Based on the foregoing, DPSCS's Motion for Summary Judgment shall be granted. Thomas's claims against Officer Knight will be dismissed without prejudice.

A separate Order follows.

  7/9/21  
Date

              /S/              
Paula Xinis  
United States District Judge